Opinion issued February 25, 2025



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-23-00555-CV

_____

## IN RE COMMITMENT OF JAMES EDWARD JARVIS

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 22-CV-1653**

---

## MEMORANDUM OPINION

This is an action under the Texas Civil Commitment of Sexually Violent Predators Act ("the SVP Act"). *See* TEX. HEALTH & SAFETY CODE §§ 841.001–.209. A jury found beyond a reasonable doubt that Appellant James Edward Jarvis is a sexually violent predator, and the trial court rendered final judgment on the verdict and issued a commitment order. In a single issue, Jarvis argues the trial court abused

its discretion by refusing his request for a jury instruction that he is presumed not to be a sexually violent predator. We affirm.

## Background

The State brought this civil-commitment action against Jarvis, alleging he is a sexually violent predator who could soon be released on parole from incarceration for conviction of a sexually violent offense. Through counsel, Jarvis answered and defended against the allegations.

During the jury trial, the State presented evidence of Jarvis's seven prior convictions for sexually violent offenses against his four children. The State also presented psychological and psychiatric experts who opined Jarvis suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence in the future.

After both sides rested, the trial court conducted a charge conference during which Jarvis's counsel orally requested an instruction that Jarvis is presumed not to be a sexually violent predator; the trial court refused the request. The jury unanimously found Jarvis is a sexually violent predator. The trial court rendered judgment on the verdict, civilly committing Jarvis so that, upon his release from incarceration, he shall be transported immediately to a residential facility under the supervision of the Texas Civil Commitment Office.

Jarvis filed a motion for new trial that was overruled by operation of law. He now appeals.

### The Trial Court Did Not Abuse Its Discretion by Refusing Jarvis's Presumption Instruction

Jarvis argues the trial court abused its discretion by refusing his requested instruction that he is presumed not to be a sexually violent predator.

## A. Relevant law

A commitment proceeding under the SVP Act is a civil proceeding that incorporates the "beyond a reasonable doubt" standard of proof typically reserved for criminal cases. *In re Commitment of Stoddard*, 619 S.W.3d 665, 674 (Tex. 2020); *In re Commitment of Roy*, No. 01-22-00682-CV, 2023 WL 8041044, at *6 (Tex. App.—Houston [1st Dist.] Nov. 21, 2023, no pet.) (mem. op.). Under the SVP Act, the State must prove beyond a reasonable doubt that a person is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE § 841.062(a). A person is a "sexually violent predator" if two elements are proved: (1) the person is a repeat sexually violent offender; and (2) the person suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a).

A civil-commitment proceeding under the SVP Act "is subject to the rules of procedure and appeal for civil cases," but if a conflict exists between the SVP Act and the rules of civil procedure, the SVP Act controls. *Id.* § 841.146(b); *In re*

3

*Commitment of James*, No. 01-19-00734-CV, 2021 WL 4597105, at *11 (Tex. App.—Houston [1st Dist.] Oct. 7, 2021, pet. denied) (mem. op.). We review a trial court's refusal to submit a jury instruction for an abuse of discretion. *See Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012); *In re Commitment of Williams*, 539 S.W.3d 429, 444 (Tex. App.—Houston [1st Dist.] 2017, no pet.). "A trial court may refuse to give a requested instruction or definition that is not necessary to enable the jury to render a verdict, even if the instruction or definition is a correct statement of the law." *In re Commitment of Stuteville*, 463 S.W.3d 543, 554 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

## B. Analysis

Assuming Jarvis preserved his request for a presumption instruction, we conclude the trial court did not abuse its discretion by refusing the instruction. Jarvis references presumptions that apply in other contexts—such as the presumption of innocence in criminal prcoeedings or the presumptions of competency, legitimacy, and best interest of children in civil proceedings—but cites no legal authority that the respondent in a civil-commitment proceeding is entitled to a presumption that he is not a sexually violent predator. The authority we found is to the contrary. *See In re Commitment of Pearson*, No. 07-23-00208-CV, 2023 WL 8248052, at *1 (Tex. App.—Amarillo, Nov. 28, 2023, no pet.) (mem. op.) ("The instruction requested by

Pearson is not mandated by statute or by caselaw. Nothing in the SVP Act creates a presumption for either the State or the respondent in such proceedings.").

Moreover, the trial court's charge included several instructions providing protections akin to those Jarvis sought in his request, including that (1) the jury should not "let bias, prejudice, or sympathy play any part" in its decision, (2) the State has the burden of proving each element of its claim beyond a reasonable doubt, and the burden "never shifts to [Jarvis] to prove he is not a sexually violent predator," and (3) the jury may answer "yes" only based on a belief beyond a reasonable doubt and must answer "no" if the jury does not make such a finding.

The jury is presumed to have followed these instructions, which made it clear Jarvis had no burden and the State had the burden to prove its claim beyond a reasonable doubt. *See Primoris Energy Servs. Corp. v. Myers*, 569 S.W.3d 745, 758 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("[W]e presume that the jury followed the charge."). As have other courts considering the same issue, we conclude the trial court did not abuse its discretion by refusing Jarvis's requested presumption instruction. *See In re Commitment of Mueller*, No. 14-23-00044-CV, 2023 WL 8943743, at *11 (Tex. App.—Houston [14th Dist.] Dec. 28, 2023, pet. denied) (mem. op.) (holding no abuse of discretion because instructions provided to jury gave substantially the same information that respondent requested in his

presumption instruction); *In re Commitment of Pearson*, 2023 WL 8248052, at \*2 (same).[1]

We overrule Jarvis's sole appellate issue.

## Conclusion

We affirm the trial court's judgment.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

---

[1] Even if the trial court abused its discretion by refusing the instruction, such error was harmless. Consistent with the jury instructions, the trial court, State, and Jarvis repeatedly explained during voir dire, opening statements, and closing arguments that the State had the burden of proof, not Jarvis. It was conclusively established that Jarvis is a repeat sexually violent offender who pled guilty to seven different sexually violent offenses against his four children committed from 1991 to 1997 across three counties. And two experienced experts in behavioral abnormality regarding sexual offenders opined in detail why and how they determined Jarvis is predisposed to commit sexually violent offenses in the future. Any error in failing to submit Jarvis's requested instruction most likely had no effect on the jury's determination and did not probably cause the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a).